IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS M. SESSA, III, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  07-CV-2225 |
| EDWARD KLEM, et al., | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                September 12, 2007

  Petitioner Sessa filed the instant petition for habeas corpus relief on May 24, 2007. Magistrate Judge Charles B. Smith issued a Report and Recommendation on August 9, 2007 dismissing the habeas petition as untimely. Sessa filed objections on August 29, 2007. For the following reasons, the Report and Recommendation ("R&R") is adopted and petitioner's objections are overruled.

  In his objections, Sessa claims: (1) the R&R failed to make showings that his claims lack merit under 28 U.S.C. § 2253(c)(2), and asks the District Court to issue a Certificate of Appealability; (2) his guilty plea was constitutionally unreasonable due to his trial counsel's misrepresentations; and (3) his allegation of actual innocence should allow the Court to hear the merits of the habeas claims regardless of the petition's timeliness.

  Timeliness is a threshold matter. Sessa did not file his petition until May 24, 2007, well past the one-year statute of limitations for filing a habeas petition. Therefore, Sessa's first two objections may be disposed of due to the fact that his petition was untimely as described in the R&R.  R.R. at 7-16.

After pleading guilty, Sessa was sentenced to life in prison on March 29, 1993. There is a one-year statute of limitations on federal habeas corpus petitions. 28 U.S.C. § 2244(d). Because that limitation was instituted in 1996, the Third Circuit holds that petitions relating to events prior to the 1996 enactment shall run from the enactment date of April 24, 1996. See Burns v. Morton, 134 F.3d 109, 110 (3d Cir. 1998). Under that standard, Sessa's petition is over ten years late. Accordingly, this Court need not entertain the merits of Sessa's petition or make showings required under 28 U.S.C. § 2253.

Sessa's final objection argues the deadline for filing his habeas petition should be equitably tolled because of his claim of actual innocence. The Third Circuit has cautioned that "courts should be sparing in their use of [the equitable tolling] doctrine." LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). To establish equitable tolling, a litigant must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. Pace v. DiGuilielmo, 554 U.S. 408, 418 (2005). The first element does not require "'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004). However, the petitioner's exercise of reasonable diligence is critical in determining whether to apply equitable tolling. See Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007). On a record in which Sessa is ten years late in filing his petition, it is impossible to say he acted with reasonable diligence.[1] See Satterfield v. Johnson, 434 F.3d 185, 196 (3d Cir. 2006) (finding no reasonable

---

[1] Sessa attempts to overcome the untimely petition by invoking the alternative starting point in 28 U.S.C. § 2254(d)(1)(D) and alleging he later learned the factual basis for two of his claims and was entitled to one year from the discovery of those facts in which to file his petition. Specifically, he states his grandmother paid trial counsel $10,000 to ensure Sessa got a lower penalty and to end the case before trial. However, there is evidence Sessa was aware of this claim far more than a year prior to filing this habeas petition. In his Supplemental Post-Conviction Collateral Relief Petition, filed March of 2002, Sessa referenced a February 1995 on-the-record, pre-trial examination of his grandmother in which she admitted paying trial counsel $10,000. Accordingly, Sess knew, or with reasonable diligence could have known, the facts underlying this claim well before the date of this petition.

diligence when petitioner delayed one year and eight months).

Moreover, as discussed in the R&R, the Third Circuit has not yet determined whether a showing of actual innocence is grounds for equitable tolling. R.R. at 15, citing <u>Knect v. Shannon</u>, 132 Fed. Appx. 407, n.2 (3d Cir. 2005). The R&R describes the extremely high burden required for a showing of actual innocence and provides support for its conclusion that Sessa did not provide sufficient evidence to meet this burden. R.R. at 15-16.[2] Accordingly, this Court finds the R&R adequately addresses each of petitioner's objections and Sessa's petition is dismissed.

---

[2] The R&R states the majority of Sessa's argument challenges only the voluntariness of his guilty plea and confession. His habeas petition does not present evidence that undermines the substantial evidence presented against him during the degree of guilt hearing, and no new evidence is offered to show by a preponderance of the evidence that not one reasonable juror would have convicted him. <u>Schlup v. Delo</u>, 513, U.S. 298, 321, 327 (1995) (in order to prove actual innocence, a petitioner must show, usually by way of new evidence, that it is more likely than not that no reasonable juror, not even one, would have convicted him).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS M. SESSA, III, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-2225 |
| EDWARD KLEM, et al., | : | |
| | : | |
| Respondents | : | |

**ORDER**

AND NOW, this 12th day of September, 2007, it is hereby ORDERED that, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of Chief United States Magistrate Judge Charles B. Smith and petitioner's objections thereto:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Petition for Writ of Habeas Corpus is DENIED.

3. There is no basis on which to issue a certificate of appealability.

IT IS FURTHER ORDERED that judgment is entered on behalf of respondents and against petitioner. The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.